Filed 8/18/21  P. v. Hall CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D078174 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. FWV1202970) |
| MICHAEL ANDRE HALL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court San Bernardino County, Shahla S. Sabet, Judge.  (Retired Judge of San Bernardino Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Gary V. Crooks, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos, Seth Friedman, and Kathryn Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

In 2013, Michael Hall and a co-defendant were charged with three counts of murder (Pen. Code,[1] § 187, subd. (a)) and multiple other felonies. Hall entered into a plea agreement in which he pleaded guilty to one count of voluntary manslaughter (§ 192, subd. (a)) as a lesser offense of murder and one count of robbery (§ 211). Hall also admitted the crimes were committed for the benefit of a criminal street gang.

In September 2019, Hall filed a petition for resentencing under section 1170.95. Although the statutory mechanism for resentencing is predicated on a conviction for murder, Hall contended his manslaughter conviction should also qualify. The trial court denied the petition on the basis that the manslaughter conviction was not eligible for resentencing under section 1170.95.

Hall appeals contending proper statutory construction of section 1170.95 should also allow petitions for resentencing of manslaughter convictions based on guilty pleas to avoid murder convictions that would violate Senate Bill No. 1437 (2017-2018 Reg. Sess.) if tried today. He also contends that denying him access to the resentencing system for murder cases would deny him equal protection.

Hall acknowledges that all of the published opinions of the Courts of Appeal have rejected both of his arguments. He contends all of the opinions were wrongly decided, including the opinion from this court.

---

[1] All further statutory references are to the Penal Code.

As we will discuss below, we are satisfied the appellate decisions rejecting Hall's arguments were correct. We will decline to reconsider our previous opinions and will affirm the denial of Hall's petition.[2]

DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.) was enacted to: " 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)" (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.)

Section 1170.95 was enacted to provide a mechanism for those previously convicted of first or second-degree murder on a now improper theory of liability, to seek resentencing of their murder convictions where appropriate. The section does not provide a mechanism for persons who pleaded guilty to manslaughter to avoid the potential of conviction for murder. Hall claims there is an ambiguity in the statute and there should be an implied inclusion for persons convicted of manslaughter and to find otherwise would not only be absurd but would deny equal protection. As we have noted, Hall acknowledges the unanimous rejection of the arguments he now makes. He dismisses the appellate opinions as wrongly decided. The following cases have rejected the current arguments:

*People v. Harris* (2021) 60 Cal.App.5th 557, 565-572, review granted April 21, 2021, S267529; *People v. Sanchez* (2020) 48 Cal.App.5th 914, 916, 918-921; *People v. Paige* (2020) 51 Cal.App.5th 194, 197-198; *People v. Turner*

---

[2] The facts of the underlying offenses are not relevant to the issue in this appeal. We will omit the traditional statement of facts.

3

(2020) 45 Cal.App.5th 428, 435-439 (*Turner*); *People v. Flores* (2020) 44 Cal.App.5th 985, 992-997; *People v. Cervantes* (2020) 44 Cal.App.5th 884, 887-888.

In *Turner*, *supra*, 45 Cal.App.5th at pages 435-439, this court considered the same basic arguments as are made in this case. We rejected those arguments in a careful and thorough decision. We decline to revisit the analysis in *Turner*. Instead, we will follow our decision in *Turner* and will reject Hall's arguments for the reasons expressed in that opinion.

The trial court correctly determined Hall was not eligible for relief under section 1170.95.

## DISPOSITION

The order denying Hall's petition for resentencing under section 1170.95 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

DATO, J.

GUERRERO, J.

4